PIERSON v. REED.

Public lands: CERTIFICATE OF REGISTER AS EVIDENCE. The original certificate of the register of a land office of the United States of the location of agricultural college scrip upon land within his district, is *prima facie* evidence of title in the person locating it, under Revision, section 4055. A showing that scrip of the same number was located on another tract of land is not sufficient to overcome such title.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 21.

ACTION upon the covenants of seizin, warranty, etc., contained in a conveyance of date August 21, 1868, of the N. W. quarter of section 8, township 20, range 1 east, in Platte county, Nebraska, made by the defendant to the plaintiff. A trial to the court was had on the merits, as to the defendant's title when he conveyed, and judgment was rendered for the plaintiff for the amount of the consideration paid, and interest. The defendant appeals. The facts of the case, so far as they relate to the point decided, are stated in the opinion.

*Stutsman & Trulock* for the appellant, cited *Kerr* v. *Shaw*,
13 Johns. 236; *Miller* v. *Avery*, 2 Barb. Ch. 582; *Webb* v.
*Alexander*, 6 Wend. 281; *Kelly* v. *The Dutch Church of
Schenectady*, 2 Hill, 105; *Beddoe* v. *Wadsworth*, 21 Wend.
120; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528; *Rykert*
v. *Snyder*, 9 Wend. 416; *Heirs of Kline* v. *Argenbright*, 26
Iowa, 493; *Clark* v. *Hall*, 19 Mich. 356; *Butterfield* v. *Central Pacific R. R.*, 31 Cal. 246; *Aldrich* v. *Aldrich*, 37 Ill.
32; *Stark* v. *Starr*, 6 Wall. 402; *Reichart* v. *Felps*, id. 160;
*Parkinson* v. *Bracken*, Burn. (Wis.) 13.

*A. M. Antrobus* for the appellee.

COLE, J.— The defendant claims to have acquired his title
to the land in controversy by an entry thereof, and location
thereon of agricultural college scrip No. 703, issued to the
State of Pennsylvania. The only evidence of his title consisted in the usual and original certificate of the register of a
United States land office as to the entry of the land in his district as follows: "Agricultural college act, July 2, 1862, register's office, Omaha, Nebraska, April 24, 1868. Scrip No. 703,
State of Pennsylvania, in the name of J. W. Campbell, has
this day been located by Isaac N. Reed upon north-west quarter of section (8) eight, township (20) twenty, north of range
(1) one, E., subject to any pre-emption claim which may be
filed for said land within forty days from this date, contents
of tract located 160 acres.  W. F. Sweesy, register — 1528."
It also appeared by the deposition of a witness taken by the
plaintiff, that the records of original entries obtained for the
purpose of taxation in the county where the land is situated,
showed that said land had been purchased by I. N. Reed from
the United States.

The plaintiff showed a copy of a like original certificate
made by the register of another United States land office in
the same State, that agricultural college scrip No. 703, issued
to the State of Pennsylvania, had been located April 9, 1868,
by one Godfried Keitch on the S. W. quarter of section 19,

township 23, N. of range 7, E., and also introduced the deposition of a witness who testified that the land in dispute had been selected by an agent of the State of Nebraska, and the selection was approved by the secretary of the interior, March 29, 1870. This is substantially all the testimony respecting the title.

Our statute provides (Rev., § 4055) : " The certificate of the register or receiver of any land office of the United States as to the entry of land within his district, shall be *prima facie* evidence (of the title) of the person entering, to the real estate therein described." This statute relates to the remedy and applies to all actions in the courts of this State, whether the land in controversy is situated within this State or not. The evidence introduced by the defendant (even if competent) does not overcome this *prima facie* case; and the plaintiff cannot therefore recover on it.

There is evidently some mistake respecting the number of the scrip located or the State to which it was issued. This mistake should be corrected or settled in the proper land office or department of the Federal government before the rights of these parties can safely be determined ; or, at least, proof should be made in this action so as to enable the court to intelligently determine as to the priority of right in the different locators of the scrip. Upon the proof as made the plaintiff cannot recover. It is unnecessary, therefore, to discuss the other questions made.

Reversed.